BENTON J. CAMPBELL
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone:   (718) 254-6057

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:   (202) 481-0324



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 09CV2845 |
| WALDEN CAPITAL PARTNERS L.P. | ) |
| Defendant. | ) |

## CONSENT ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Walden Capital Partners L.P. This Court, being fully advised on the merits, hereby

**ORDERS, ADJUDGES AND DECREES THAT:**

1.   Pursuant to the provisions of 15 U.S.C. § 687c this Court shall take

exclusive jurisdiction of Walden Capital Partners L.P. ("Walden"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Walden to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Walden's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of Walden under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Walden are hereby dismissed. Such persons shall have no authority with respect to Walden's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Walden and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Walden, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal upon receipt of instructions by the Receiver regarding the time and place of such production. Walden shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Walden as well as the names,

addresses and amounts of claims of all known creditors of Walden. All persons having control, custody or possession of any assets or property of Walden, including Walden's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Walden. All persons and entities owing any obligations or debts to Walden shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Walden had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Walden, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate,

which would result in net proceeds to the Receiver.

6. Walden's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath all questions which it may put to them by the Receiver regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Walden. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Walden or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Walden, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Walden or any assets of Walden, or its present or past officers, directors, managers, or general partners or the Receiver, which parties have sued or have been sued for sued for, or in connection with, any action taken by Walden's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Walden, are enjoined from taking any action,

4

including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8.  All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Walden or any of its assets or any action of any nature taken by Walden's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9   As to a cause of action accrued or accruing in favor of Walden against a third person or party, any applicable statute of limitation is tolled during the period in which the injunction against commencement of legal proceedings described in paragraph 7, above, is in effect.

10. Walden and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Walden to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11. The Receiver is authorized to borrow on behalf of Walden, from the SBA, up to $1,000,000, and is authorized to cause Walden to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Walden, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders in Walden.

12. This Court determines and adjudicates that Walden has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Walden's license as an SBIC be revoked.

AGREED AND ACKNOWLEDGED:

WALDEN CAPITAL PARTNERS L.P.

By: _____
printed name: _____
its _____
this ____ day of _____, 2008.

by: _____
Walden Capital Inc.
As General Partner of Walden Capital Advisors L.P.
As General Partner of Walden Capital Partners L.P.

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
SBA Office of SBIC Liquidation
this 31st day of July, 2008.

SO ORDERED this 30th day of March, 2009

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE